UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80025-CIV-HURLEY/HOPKINS

DWAYNE ZOOK,

    **Plaintiff,**

vs.

VILLAGE OF PALM SPRINGS,

    **Defendant.**
    _____/

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the court upon defendant's motion to dismiss and strike [DE # 10]. For the reasons given below, the court will grant the motion.

BACKGROUND

Plaintiff Dwayne Zook ("Mr. Zook") is a registered sex offender living in the Village of Palm Springs, Florida (the "Village"). In 2008, the Village charged Mr. Zook with violating its "Sexual Offender and Sexual Predator" ordinance. The ordinance makes it "unlawful for any person" with a "sexual offender designation" to "establish a permanent residence or temporary residence within 1,500 feet of any . . . place where children regularly congregate," such as schools, bus stops, parks, and playgrounds. Violations of the ordinance are punishable "by a fine not exceeding $500.00 [and/or] by imprisonment for a term not exceeding 60 days."

The Village filed the case in the County Court for the 15th Judicial Circuit in and for Palm Beach County, Florida. Mr. Zook filed several motions to dismiss in the county court, arguing, among other things, that the Village's ordinance was unconstitutional because it subjected him to "banishment" and "double jeopardy," and because "it violates the due process clause" and "is vague,

indistinct and indefinite to mislead the accused." He also argued that the ordinance was preempted by Florida statutory law. After allowing oral argument on the motions and carefully considering the arguments, the judge denied Mr. Zook's motions.

The case then proceeded to trial. After the parties finished presenting their cases but before the judge issued his ruling, the parties conducted a private settlement conference and reached a civil settlement. The terms of the settlement, which were read on the record, required Mr. Zook to move out of his home within six months and the Village to nol pros the charge. The parties agreed that if Mr. Zook did not move out, the court wold "enforce the settlement agreement" by "compel[ing] him to move out." After the settlement was read on the record, the judge asked Mr. Zook, "do you agree with all that," and Mr. Zook responded "Yes."

Mr. Zook did not move out in six months, and the Village filed a motion to enforce the settlement agreement. On August 11, 2009, the judge issued an order granting the Village's request and requiring Mr. Zook to vacate his home. Mr. Zook appealed the judge's order to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, which dismissed the appeal for want of jurisdiction. Mr. Zook then filed a motion for rehearing and clarification in which he argued, *inter alia*, that the Village's ordinance was preempted by Florida statutory law. The circuit court granted the motion for clarification and explained that "the Village's ordinance . . . is not preempted by section 794.065(1), Florida Statutes." The request for rehearing, on the other hand, was denied.

Mr. Zook filed this action *pro se* in January 2011, seeking to set aside the state court judgment on the grounds that it "is in fact a cruel and unusual punishment, violating [the] Ex Post Facto Clause[] and creating a Double Jeopardy," and it "effectively banishes all registered sexual

offenders from [the Village's] borders."[1]  He also argues that the Village's ordinance is preempted by Florida law.

## DISCUSSION

### A.     *Standard on Motion to Dismiss*

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate.  *Id.*  On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986).  Mere conclusory allegations, however, are not entitled to be assumed as true upon a motion to dismiss.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009).  The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).  Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.     *The Village's Motion to Dismiss*

The Village argues that the *Rooker-Feldman* doctrine bars the court from exercising subject

---

[1] Because Mr. Zook is proceeding *pro se*, the court holds his pleadings to a a less stringent standard than pleadings drafted by attorneys and, therefore, liberally construes his complaint. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

matter jurisdiction over this action.[2]  Under the *Rooker-Feldman* doctrine, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).  The doctrine applies to "cases brought by state-court losers complaining of injuries cause by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  For *Rooker–Feldman* purposes, a "state court approved settlement agreement is a judgment or decision."  *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 528 (7th Cir. 2000).

*Rooker-Feldman's* reach extends to federal claims raised in the state court and to those "inextricably intertwined" with the state court judgment.  *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). The Eleventh Circuit have advanced two scenarios where a federal claim is considered inextricably intertwined with the state court judgment: (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state wrongly decided the issues." *Id.* (quotations omitted).

The complaint in this case falls squarely within the scope of the *Rooker-Feldman* jurisdictional bar.  To begin with, Mr. Zook made several of the constitutional challenges he makes

---

[2] In its motion to dismiss, the Village suggests that the court apply the four-factor test enunciated by the Eleventh Circuit in *Amos v. Glynn County Bd. of Tax Assessors* to determine whether the *Rooker-Feldman* doctrine applies. 347 F.3d 1249, 1266 n. 11 (11th Cir. 2003) ("(1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits, (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding, and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment."). However, the Eleventh Circuit has "declined to ahere to the *Amos* test" after the Supreme Court's narrowing of the doctrine in *Exxon-Mobil. Cormier v. Horkan*, 397 F.App'x 550, 552 (11th Cir. 2010).  Therefore, the court declines to apply the *Amos* test.

in this suit during the state court proceedings. He argued to the county court, among other things, that the Village's ordinance subjected him to banishment and double jeopardy and was preempted by Florida statutory law. The county court rejected these arguments, and the circuit court denied his appeal. Mr. Zook is now essentially appealing the state court's adverse rulings to this court. *Rooker-Feldman*, however, prohibits this court from reviewing the state court's determinations. *Green v. Jefferson County Comm'n*, 563 F.3d 1243, 1249 (11th Cir. 2009) ('The *Rooker-Feldman* doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions.").

In addition, the *Rooker-Feldman* doctrine applies because Mr. Zook's constitutional challenges are essentially an effort to set aside the state court's order requiring him to vacate his home. If the court were to grant him the request relief, it would "effectively nullify the state court judgment." *Casale*, 558 F.3d at 1260. However, "[v]oiding (effectively reversing) the state court judgment is something [the court] may not do." *See 4901 Corp.*, 220 F.3d at 528 (citations and quotations omitted). Claims seeking such relief, like the claims in this case, are "the most straightforward presentment of *Rooker-Feldman*." *Id.* (citations and quotations omitted) (applying *Rooker-Feldman* to bar plaintiff from suing in federal court to set aside a settlement agreement reached in state court after plaintiff sued city over constitutionality of an ordinance); *see Crestview Vill. Apartments v. United States Dep't Hous. & Urban Dev.*, 383 F.3d 552, 556-57 (7th Cir. 2004).

Because the *Rooker-Feldman* doctrine divests the court of jurisdiction to consider the merits of Mr. Zook's claims, the court is powerless to act and must dismiss the case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and

Order Granting Defendant's Motion to Dismiss
Zook v. Village of Palm Springs
Case No.. 11-80025-CIV-HURLEY/HOPKINS

dismissing the cause.").

## CONCLUSION

Accordingly, is hereby **ORDERED** and **ADJUDGED** that:

1. Defendant's motion to dismiss and strike [DE # 10] is **GRANTED**.

2. The court finds that plaintiff will not be able to amend his complaint to avoid the legal conclusions of this order and, therefore, allowing plaintiff leave to amend his complaint will be futile.

3. Pursuant to Rule 58, the court will enter final judgment by separate order.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this 2nd day of August, 2011.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*